The opinion of the Court was delivered by
O’Neall, J.
This case was decided below on tbe authority of Norris vs. Graves, 4 Strob. 32.
The authority which led to that decision was Kennerly vs. Knott, 2 Law Reporter, New Series, 186. The exception there was allowed on special demurrer. In Norris' case it arose and was allowed on a plea of misnomer.
In delivering the opinion in Norris' case, I took occasion to say, “if the note had been drawn payable to A. 0. Norris, that then it is possible the case might have been sustained, on the ground, that the defendant by his own writing admitted the name to be in letters.”
What was there put, as a possible case, is now the case to be decided. Although what was said there was a mere obiter, yet it was founded, as I think, on that which is seldom found to be erroneous, justice, even on a strict legal question.
I remember that Judge Colcock once said to me, “I always endeavor to ascertain, where the justice of the case is, and so decide, very sure that I can afterwards find the law to sustain me.” This in most cases is true, and I know no better general guide for a Circuit Judge.
In this case the justice of the case is plainly with the plaintiff, and nothing ought to turn him round, except some inflexible artificial rule. We do not think the case of Norris vs. Graves furnishes that.
The defendant, both in the note, the cause 'of action, and the receipt mentioned in the report, has in writing admitted the plaintiff’s name to be J. W. A. Woodberry. How can *33 be plead a misnomer against bis own admission ? It seems to me be cannot.
In Wilthaus vs. Ludecus, 5 Rich. 326, tbe initials of tbe maker, endorser, and of tbe plaintiffs, tbe endorsees of tbe note, were used tbrougbout the declaration: and to these, exceptions were taken by way of special demurrer: and it was beld, that they could not be thus taken. This ruling is different from tbe English decision, wbicb was made in conformity to rules of tbe Common Pleas on tbe subject. No sucb rules being witb us, tbe exception could only be by plea in abatement — and was subject therefore to all tbe strictness required in sucb a plea.
In tbe opinion Judge Evans adopts almost literally tbe reasoning of Lord Campbell, in Regina vs. Dale, who contended very strongly, in that case, that consonants, as well as vowels, might be names, and that there was therefore no reason to insist, that words were absolutely necessary to make names.
On turning to Regina vs. Dale, 5 English Law and Equity Rep. 361, it seems to me that it is a strong authority for this opinion.
Tbe proceeding there was a scire facias on a recognizance, taken before Lee B. Townsend, Esq., and J. H. Harper, Esq., and tbe objection was that their names were not fully stated. Lord Campbell, and bis associates, denied that tbe rule of tbe Common Pleas extended to criminal proceedings, and overruled tbe objection. We have no rule extending beyond tbe precise precedent in Norris vs. Graves. In Regina vs. Dale, tbe party, as here, bad acknowledged tbe name by bis writing, indeed by a quasi record, tbe recognizance.
Tbe decision in Wilthaus vs. Ludecus was followed in Kinloch vs. Carsten, 5 Rich. 330, and Myer’s Adm'or vs. Sealy, Id. 474.
I think tbe exception to be made in this case is just as legitimate as to say tbe exception cannot be taken by special demurrer. We bad no rule wbicb compelled us to say tbe *34 full name should have been, spread on tbe record, and benoe the party was driven to a plea of misnomer, which saves bim from answering to any one save the person to whom he is legally liable to answer. His plea must give the party his true name. When he undertakes to do that, he is met, and as I think estopped, by his own admission in writing contrary to his plea.
The motion to reverse the decision below is granted.
WITHERS, Whither, and Munro, JJ., concurred.

Motion granted.